IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01467-CMA-CBS

KATRINA ANDREWS,

Plaintiff,

v.
CENTRAL PARKING SYSTEM, INC.,
RICHARD LOCHER AND PAMELA OSBORN

Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiff, Katrina Andrews and the Defendants, Central Parking System, Inc. ("CPS"), Richard Locher ("Locher") and Pamela Osborn ("Osborn") (CPS, Locher, and Osborn will be referred to collectively as "Defendants"), by and through their attorneys, stipulate, pursuant to Fed. R. Civ. P. 26(c), that following Stipulated Protective Order shall apply in this action.

1. This Protective Order shall apply to all information, documents and tangible things subject to discovery in this action, that are in the possession, custody, or control of a party, or of a non-party witness, and that are believed to contain or embody a party's trade secret, financial, proprietary or other confidential information. By way of example, and not limitation, confidential information may include, or be included in, documents, tangible things, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings and any instrument which comprises, embodies or summarizes matter which any party or non-party considers confidential and/or proprietary.

Confidential information may also include information revealed during depositions upon oral examination.

2. A party's agreement to observe the confidentiality of a document or class of documents pursuant to this agreement is not and may not be used as evidence in this or any other litigation that the party admits that such documents are in fact confidential or trade secrets. except for purposes of enforcing this Order.

3. Counsel of record for any party or non-party may designate as "Confidential" any trade secret, financial, proprietary or confidential information of that party, regardless of form, including but not limited to, research, development, commercial, or business information, which such counsel reasonably and in good faith believes contains or reflects trade secret, financial, proprietary or confidential information. The "Confidential" designation extends to both the material so designated and to the substance of the information so designated and excerpts, studies, compilations or similar documents containing or compiled from said information.

4. Confidential Information that is extremely sensitive in nature and requires special treatment shall be identified upon disclosure by the legend "Attorney's Eyes Only." "Attorney's Eyes Only" Information is limited to highly sensitive business and confidential/personal information for which disclosure would be detrimental to the designating party.

5. "Confidential" Information and "Attorney's Eyes Only" Information shall not include:

    a) any information that is or was public knowledge, or subsequently becomes public knowledge, through no violation of this Order;

b) any information that is acquired by a recipient from a non-party rightfully and lawfully possessing such information and lawfully entitled to disclose such information.

This provision is solely for purposes of this Confidentiality Order and is not an admission or waiver of any party's respective contention regarding that party's position or arguments with respect to what is or is not properly designated as Confidential Information or as Attorney's Eyes Only Information, or what is a trade secret or proprietary confidential information.

6. Either party may designate materials as "Confidential" or "Attorney's Eyes Only" in the following manner.

a) By imprinting the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on the first page or cover of a document;

b) By imprinting the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" next to or above any response to an interrogatory or request for admission;

c) With respect to testimony that is not transcribed, by giving written notice to opposing counsel no later than ten days after the testimony is given; and

d) With respect to transcribed testimony, by designation at the time the testimony is given.

7. Information designated "Confidential" shall not be discussed, revealed or disclosed in any manner or form to any person other than the following "Permitted Recipients:"

a) Counsel of record for each party, and members, and associates of their firms, and employees of those firms assigned to assist counsel in the prosecution, defense, or settlement of this lawsuit;

b) The parties' experts and the secretarial and clerical staffs of such experts (hereinafter "experts"), upon the condition that the expert shall agree in writing to be bound by the terms of this order, as set forth in exhibit A;

c) The officers, employees and inside counsel of the parties who are responsible for or directly involved in the prosecution or defense of this litigation for the purpose of the prosecution or defense of this litigation, provided that they agree to be bound by all provisions of this protective order;

d) A witness at any deposition or other proceeding in this action, provided such persons certify that he or she will not use or disclose "Confidential" information for any purpose other than permitted by this Order;

e) Any court having jurisdiction over proceedings in this lawsuit or over individuals subject to this Order; and

f) Any court reporter or typist recording or transcribing testimony in this lawsuit.

8. Information designated as "Attorney's Eyes Only" shall not be discussed. revealed, or disclosed to any individual except for the receiving party's counsel of record. Such information includes but is not limited to:

a) Defendant Central Parking System, Inc.'s declaration concerning gross income and net income for the tax years 2006, 2007, and to the extent applicable, 2008.

b) Payroll information for all Broadmoor employees as requested in Plaintiff's Request for Production.

c) All race discrimination complaints for all Colorado locations managed by Richard Locher.

d) Redacted first page of Richard Locher's and Pam Osborn's tax return for the years 2006, 2007, and 2008 and related information

e) All discipline/warning records for Rich Locher, Pam Osborn, and Dave Meeker.

In the event any counsel determines that persons other than those provided for in this paragraph have a need to review information designed as "Attorney's Eyes Only," written permission must be obtained from the Court.

9. The parties agree to waive any right that they themselves, but not their outside counsel, be present during that part of the deposition when it is anticipated that "Attorney's Eyes Only" information of the adversary producing party will be disclosed.

a) Only persons authorized to receive "Attorney's Eyes Only" information may attend the portions of the depositions pertaining to "Attorney's Eyes Only" information. Counsel for a deponent may designate testimony at a deposition as "Attorney's Eyes Only" during the course of any deposition. Such

designation may be made in response to a question, prior to any responsive testimony being given.

  b) If such a designation is made, any person not authorized to receive "Attorney's Eyes Only" information shall be excluded from the deposition until testimony regarding "Attorney's Eyes Only" matters has been concluded.

  c) The portions of the deposition transcript pertaining to "Attorney's Eyes Only" matters shall be bound separately with a cover bearing the legend "CONTAINS INFORMATION FOR ATTORNEY'S EYES ONLY" and shall not be shown to any person, without prior order of the Court. The restrictions of this paragraph apply to videotaped depositions, and videocassettes or other video container shall be labeled in accordance with the provisions of this paragraph.

  d) If any party objects to the designation of testimony as "Attorney's Eyes Only," the objection may be noted for the record but persons not authorized to receive "Attorney's Eyes Only" information shall nevertheless be excluded from the deposition until testimony regarding "Attorney's Eyes Only" matters has been concluded. After the deposition the objecting party may contest the designation before the Court, and may seek to examine the witness further on "Attorney's Eyes Only" subjects only.

10. Except as agreed in writing by the designating party, information designated as "Confidential" or " Attorney's Eyes Only" shall be maintained in confidence and in a secure and safe area, by the permitted recipient(s) to whom it is disclosed; may be used by such permitted recipient(s) only for the purposes of this litigation and for no other purpose; and may be

disclosed by such permitted recipient(s) only to another permitted recipient in accordance with this Order. All permitted recipients shall exercise due and proper care with respect to the storage, custody and use of all information so designated.

11. Unless otherwise ordered by the Court or agreed to in writing by the parties, any documents, deposition transcripts or other information hereafter filed with the Court, including but not limited to pleadings, memoranda, deposition notices, interrogatories, requests for document production, subpoenas, and responses thereto containing, paraphrasing or summarizing information designated "Confidential" or "Attorney's Eyes Only" shall be filed under seal.

12. To the extent either party has already produced information that it deems "Confidential" or for "Attorney's Eyes Only," the party may identify such information by letter referencing the bates number of the document and all protections and/or stipulations provided herein shall apply.

13. Any party may at any time request from any other party, in writing, the release of information designated "Confidential" or "Attorney's Eyes Only" or filed under seal, from the requirements or the terms and provisions of this Order. Upon receipt of such request, the parties shall confer in good faith as to the status of the subject information. If the parties are unable to agree upon the status of the subject information, any party to this action may raise the issue of such designation with the Court.

14. This Order shall be without prejudice to the right of any party to bring before the Court the question of whether any particular information is properly classified as "Confidential" or "Attorney's Eyes Only" or should not be filed under seal, provided that the party bringing any

such question before the Court has complied with the procedure set forth in the foregoing paragraph. With respect to any such proceedings before the Court, the parties agree to proceed on an expedited basis, so long as each party has had a reasonable time to submit briefing prior to any expedited hearing.

15. Nothing contained in this Order shall restrict the use or disclosure of information designated "Confidential" or "Attorney's Eyes Only" by the designating party.

16. Before any "Confidential" Information or "Attorney's Eyes Only" Information is offered in evidence at trial or any court hearing, the proponent of the evidence shall provide opposing counsel five (5) days advance notice, and will attempt to resolve with opposing counsel a means to protect the confidentiality of the information therein. If those attempts are unsuccessful, the proponent of the evidence shall request the Court to take such steps as may be appropriate under the circumstances to protect the confidentiality of the information contained therein.

17. Subject to the provisions herein, if another court, administrative agency, or any other person subpoenas or orders production of "Confidential" Information or "Attorney's Eyes Only" Information that a party has obtained under the terms of this Order, such party shall promptly notify the producing party of the pendency of such subpoena or order, shall object to such production on the basis of this Order, and shall use its best efforts to afford the producing party an opportunity to be heard by the court or administrative agency prior to any disclosure of "Confidential" Information or "Attorney's Eyes Only" Information.

18. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on permitted examination of

"Confidential" Information or "Attorney's Eyes Only" Information. In rendering such advice and other communication with such client, however, counsel shall not directly or indirectly convey the substance of, nor make specific disclosure of, any item so designated or any specific information contained therein.

19. Nothing in this Order, nor any failure by any party to challenge designation by another party of any information as "Confidential" or "Attorney's Eyes Only" shall be construed as an admission or agreement that any specific information is or is not confidential, proprietary, or a trade secret, or is or is not subject to discovery, or is or is not admissible in evidence.

20. The inadvertent or unintentional disclosure by the designating party of information considered to be "Confidential" or "Attorney's Eyes Only" regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information not designated as "Confidential" or "Attorney's Eyes Only" at the time of its disclosure shall be designated "Confidential" or "Attorney's Eyes Only" as soon as reasonably possible after the supplying party becomes aware of the erroneous disclosure, and shall thereafter be treated as "Confidential" or "Attorney's Eyes Only" by the receiving individual(s).

21. The provisions of this Order shall not terminate at the conclusion of this lawsuit. Within 120 days after final conclusion of all aspects of this litigation, all information designated "Confidential" or "Attorney's Eyes Only" and all copies of same (other than exhibits of record) shall be returned to the designating party or destroyed unless the designating party agrees in writing to some other disposition.

22. Upon notice, this Court can make such further Orders and directions as it deems appropriate or necessary concerning the subject matter of this Order including, without limitation, modifying, extending, limiting or vacating any or all of the provisions herein contained.

23. This Order may be amended by further stipulation of the parties subject to the approval of the Court.

24. This Order shall be binding upon all persons given notice of this Order.

25. This Order may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

DATED at Denver, Colorado, this 23rd day of February, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Approved and Dated this 13th day of February, 2009.

                          *s/ David Koppa*
                          David Koppa, #29079
                          422 East Vermijo Avenue, #314
                          Colorado Springs, CO 80903
                          Email: attorney@davidkoppa.com

                          ATTORNEYS FOR PLAINTIFF


                          *s/ Donald L. Samuels*
                          Donald L. Samuels, #26654
                          Holme Roberts & Owen LLP
                          1700 Lincoln Street, Suite 4100
                          Denver, Colorado 80203-4541
                          Telephone:    (303) 861-7000
                          Facsimile:     (303) 866-0200
                          E-Mail: donald.samuels@hro.com
                          ATTORNEYS FOR DEFENDANTS